**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1870**

LESLIE SIEBERT TERNER,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

Appeal from the United States Tax Court. (Tax Court No. 13037−23)

Submitted:  June 29, 2026                                   Decided:  July 22, 2026

Before THACKER, RUSHING and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**   Walter T. Charlton, WALTER T. CHARLTON & ASSOCIATES, Woodsboro, Maryland for Appellant. David A. Hubbert, Deputy Assistant Attorney General, Clint A. Carpenter, Attorney, Richard L. Parker, Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Siebert Terner ("Appellant") filed a petition with the United States Tax Court (the "Tax Court") in August 2023 to dispute three alleged actions by the Internal Revenue Service (the "IRS"): the issuance of a (1) "Notice of Deficiency"; (2) "Notice of Determination Concerning [a] Collection Action"; and (3) "Notice of Determination Concerning Relief From Joint and Several Liability Under [26 U.S.C. §] 6015." J.A. 8.[*] The Tax Court noted that Appellant had failed to append to her petition any IRS notice of deficiency or notice of determination. Thus, the court determined that it lacked jurisdiction to hear Appellant's petition. Appellant now appeals that determination.

The jurisdiction of the Tax Court is a question of law that we review de novo. *McLane v. Comm'r*, 24 F.4th 316, 318 (4th Cir. 2022). Because the Tax Court is an Article I court, it has only the jurisdiction conferred to it by Congress. *Id.* Thus, to determine the scope of the jurisdiction here, we need only look at the relevant statutes. *Id.*

There are two routes into Tax Court that are relevant here. First, federal law grants the Commissioner of the IRS the authority to send a "notice of . . . deficiency" to a taxpayer when the taxpayer has not paid the total amount owed in federal taxes for a given tax year. *See* 26 U.S.C. § 6212(a). Section 6213(a) in turn grants the recipient of a notice of deficiency 90 days after the notice is mailed to "file a petition with the Tax Court for a redetermination of the deficiency." Second, the IRS has the power to place a lien or a levy on the property of a taxpayer when the taxpayer owes taxes in arrears to the federal

---

[*] Citations to the "J.A." refer to the joint appendix filed by the parties.

government. *Id.* at §§ 6320 & 6330. To do so, however, the IRS must first serve notice on the taxpayer. *Id.* The taxpayer then has 30 days after receipt of such notice to "petition the Tax Court for review of such determination." *Id.* at §§ 6330(d)(1), 6320(c).

Here, the record does not contain any evidence that the IRS ever delivered any notice of deficiency or notice of determination to Appellant. To the contrary, it appears that Appellant seeks to recover alleged overpayments to the IRS, rather than avoid a threatened collection by that agency. Because, as relevant here, federal law grants the Tax Court jurisdiction to hear a petition only *after* issuance of one or other such notice, the absence of either in the record is fatal to Appellant's case. Thus, the Tax Court correctly dismissed Appellant's petition for lack of jurisdiction.

We deny the motion for leave to supplement the joint appendix. The decision of the Tax Court is

*AFFIRMED*.